WHITNEY and others vs̄ MORROW.

TENANCY IN COMMON: *What constitutes.*
WASTE: *When action lies.*

1. Under our statutes (ch, 143, R. S.) the action for *waste* lies only where there is *privity of estate* between the parties.

2. This court has already decided (*Whitney v. Gunderson,* 31 Wis., 359) that no title, legal or equitable, to any specific land, passed to the assigns of Pierre Grignon under the act of congress of June 13, 1860 (or any previous act therein referred to), until the survey required by said act was made and approved, and a certificate or patent of the land issued.

3. Said act of congress did not have the effect of making the assigns of Pierre Grignon tenants in common of any lands whatever with persons who had succeded to the rights of Alexis Gardapier in the land confirmed to him by act of congress in 1866; but the act of 1860, and the patent issued in pursuance thereof, conveyed to Grignon and assigns the *entire* interest in the land covered by such patent; while the entire interest in another distinct tract was granted to Gardapier.

4. Defendant having been in possession, claiming title through Gardapier, at the time of the commission of the alleged acts of waste for which this action was brought, and those acts having been done before the issue of the patent to Grignon (which covered the land on which the alleged waste was committed) and before any title vested in Grignon or his assigns: *Held,* that the action could not be maintained by the assigns of Grignon.

5. The doctrine of *relation* is applied only for the protection of persons standing in some privity with the party who institutes proceedings for the land and acquires the equitable claim or right to the title, and will not aid plaintiffs in maintaining their action *for waste.*

APPEAL from the Circuit Court for *Brown* County.

Action for waste. The lands upon which the alleged acts of waste were charged to have been committed, were a portion of those confirmed to Pierre Grignon by act of congress approved June 13, 1860, and patented to him on the 2nd of June, 1870. Said act of congress, with the patent to Grignon, and all other facts set forth in the complaint to show the title in plaintiffs, are stated with sufficient fullness in 31 Wis., 359, where there is reported a decision of this court in an action of ejectment brought by these plaintiffs to recover a portion of the same lands; and they need not be recited here. See, also, 33 Wis., 365.

The complaint alleged that, until the survey provided for in such act of confirmation, and the issue of the patent to Grignon, the lands so patented were held in common and undivided between the claimants under Grignon and those under Alexis Gardapier, and that defendant, claiming title under Gardapier, entered into possession of the premises in dispute about the year 1863, and committed thereon the waste complained of.

Defendant demurred to the complaint as not stating a cause of action; the demurrer was sustained; and plaintiffs appealed.

*Martin & Vroman*, for appellants:

The act of congress (12 Stats. at Large, 857) created between the parties the relation of tenants in common. A grant of a *given quantity* of land, parcel of a larger tract conveyed to another but not located by specific boundaries, constitutes the grantee of the smaller tract tenant in common *pro rata* of the whole. 1 Washb. R. P., 563; 24 Cal., 110; 7 Wend., 136; 3 Cal., 63; 4 Wis., 554. The commissioner of the land office alone had the power of making partition of the lands, and until he had so done the parties remained tenants in common. 24 How., 183; 31 Wis., 359. Though the title did not pass until the issue of the patent, the grant took effect by relation, at least as early as the date of the act confirming Grignon's title. Vin. Abr., title "Relation," 290; 10 How. Pr. R., 348; 4

Wheat., 213; 5 Clarke, 157; 3 Green, 549; 5 Gilm., 573; 12 Mo., 143; Com. Dig., B., 9; 3 Cow., 75; 13 Wall., 92; 3 Washb. R. P., 277; 26 Mo., 92; 4 Johns., 220; 1 Lef., 127, 130; Vin. Abr., K., 4. The tenancy of defendant under the reservation in favor of Gardapier was in subordination and not adverse to the title of the United States and its grantee. 13 Wall., 92. The action of waste may be maintained between cotenants. R. S. 1858, ch. 143. This action did not accrue until the issue of the patent, when plaintiffs became the legal owners of the land. 13 Wis., 472.

*Neville & Tracy*, for respondent, argued that the grant to Grignon was void for uncertainty, citing numerous authorities and urging upon the court to review its decision upon that point in 31 Wis., 359, 383. They further contended that the title to the lands, both legal and equitable, was in the United States until June 2, 1870, and until then plaintiffs had neither possession nor the right of possession, and could not maintain trespass (*Whitney v. Gunderson*, on rehearing, 31 Wis., 380; *Whitney v. Nelson*, 33 id., 365); that the action of waste could not be maintained for the reason that there was no privity of estate between the parties, the complaint alleging an entry by defendant under claim of title independent of and hostile to that of plaintiffs (1 Washb. R. P., 137-8, §§ 44, 45; *Foot v. Dickinson*, 2 Met., 611); and that, as appeared by the complaint, the action did not accrue within six years.

COLE, J. We think the order sustaining the demurrer to the complaint must be affirmed. The action is brought under ch. 143, R. S., to recover damages for waste committed by the defendant; and the objection is taken, that upon the facts it appears that there was no privity of title or estate between the parties when the alleged waste was committed, but that the defendant held under a claim of title independent of and hostile to that of the plaintiffs. It seems to us this objection is insuperable.

The acts of waste were committed prior to the issue of the patent to Pierre Grignon, under whom the plaintiffs claim title, and there never was in fact any privity of estate between the parties. In the case in 31 Wis., 359, we held that until a survey was made of Grignon's claim under the direction of the commissioner of the land office, as contemplated by the act of congress of 1860, and until this survey was approved by the executive department, and a certificate as evidence of that fact, or a patent, issued, neither Grignon nor his assigns had the equitable title and ownership of any specific tract of land. The counsel for the plaintiffs contends that the effect of that act of congress was to create between the parties the relation of tenants in common. A tenancy in common of what, and between whom? It seems to us perfectly plain that the act of congress was intended to secure to Pierre Grignon and his heirs and assigns the *entire interest* in a certain tract which should be ascertained in the manner designated. But that act does not attempt to confer upon the defendant, or the party through whom he claims, any interest in that land. Indeed the defendant does not assert any title through Pierre Grignon, or attempt to connect himself with that title in any manner; but he claims the land through Alexis Gardapier, an entirely independent and hostile equitable claim, or equitable title. He is therefore a stranger to that title, and the party through whom he claims always asserted a right hostile to that of Grignon. There never was any privity between these parties; and, as it seems to us there is no ground for saying that the relation of tenants in common in any land ever existed between them, or between the original claimants, Grignon and Gardapier. If the entire vacant strip had been conveyed to Grignon and Gardapier by the same grant, and not distinct parts of that strip given to each by different acts, there would be good ground for saying that they took their interests as tenants in common. But the act of 1860 confirmed to Grignon a certain part of the vacant strip, the title remaining in the United States until a survey

was made and a patent therefor issued, which was not until 1870, long after the injury complained of was committed. It is true, the vacant strip was divided — that is, the part granted to each by the different acts of congress was ascertained and designated by the commissioner of the land office. But the entire title to the particular tract was vested in each claimant or their assigns, and the parties had no interest in common, nor any such privity of estate as would enable one party to maintain an action of waste for trespasses committed by the others.

Nor can we see that the plaintiffs derive any aid from the doctrine of relation. " The doctrine of relation is a fiction of law adopted by the courts solely for the purposes of justice, and is only applied for the security and protection of persons who stand in some privity with the party that initiated proceedings for the land, and acquired the equitable claim or right to the title." *Gibson v. Chouteau*, 13 Wallace, 92–101. But how this principle aids the plaintiffs in maintaining an action of waste we fail to understand. Our statute gives the action of waste, or case in the nature of waste, only where there is a privity of estate between the parties; and even if it could be demonstrated that by relation the plaintiffs must be considered the real owners of the land upon which the timber was cut at the time the trespass was committed, this would not establish their right to this remedy.

The counsel for the defendant, in his brief, requested us to give our views upon several questions submitted by him. We must respectfully decline to comply with the request, for the reason that it is not necessary to the decision of this cause that we should do so; and, moreover, we have heretofore expressed our views upon those precise questions at sufficient length, as we supposed.

*By the Court.* — The order of the circuit court is affirmed.